R. D. Woods v. The State.

No. 8065. Decided January 9, 1924.

Rehearing denied February 13, 1924.

1.—Selling Intoxicating Liquor—Bills of Exception—Practice on Appeal.

Where the bills of exception are in no way verified they cannot be considered on appeal.

2.—Same—Newy Discovered Evidence—Affidavit.

Where the motion for a new trial on account of newly discovered evidence is not sworn to, the same cannot be considered on appeal, and affidavits attached to the motion which are taken before defendant's attorneys cannot be considered.

3.—Same—Sufficiency of the Evidence.

Where, upon appeal from a conviction for the sale of intoxicating liquor, the evidence is sufficient to sustain the conviction, there is no reversible error.

4.—Same—Rehearing—Sufficiency of the Evidence—Whisky—Burden of Proof.

This court is constrained to regard the evidence sufficient to discharge the burden which devolved upon the State to prove that the liquid sold was whisky, and the motion for rehearing is overruled.

Appeal from the District Court of Brown. Tried below before the Honorable J. C. Woodward.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. L. McCartney, Jr.,* and *Courtney Gray,* for appellant.—On question whether fluid was intoxicating: Beaty v. State, 110 S. W. Rep., 449; McDonald v. State, 49 id., 589; Scales v. State, 83 id., 380.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, Judge.—Appellant is under conviction for the sale of intoxicating liquor to one Carl Wells with punishment assessed at confinement in the penitentiary for two years.

There are no bills of exception in the record. In the motion for new trial complaint is made of certain rulings of the court relative to different matters but they are in no way verified by bills of exception and therefore can not be considered. Among other grounds set up in the motion for a new trial is that of newly discovered evi-

dence. The affidavit of certain witnesses claimed to have been newly discovered are attached to the motion, but the motion itself is not sworn to, and therefore can not be considered. For collation of authorities see Section 193, page 125, Branch's Ann. Pen. Code. Some of the affidavits attached to the motion appear to have been taken before one of appellant's attorneys. If the motion itself had been sworn to the affidavits so taken by the attorney could not be considered. Cases upon this point will be found collated under Section 194, page 125, Branch's Ann. Pen. Code.

The only question we can consider is the contention that the evidence does not support the verdict. We are not in accord with appellant's views relative to this matter. At the time of the alleged sale Wells lived at Brownwood and on the date of the transaction in company with Ed Terry went to the town of Zephyr where appellant resided. Wells testified positively that after he reached Zephyr he contracted to purchase from appellant something over a gallon of whisky for which he paid him twenty dollars; that appellant took witness' car and went away, returning in a short time with the whisky in fruit jars; that witness and Terry started on their return to Brownwood and on the trip transferred the whisky from the fruit jars to small bottles. The officers in Brownwood had received notice from some source and seemed to have been on the lookout for the parties when they reached Brownwood. When Wells and Terry realized that the officers were trying to overtake them a considerable chase ensued during which all the bottles were thrown out of the car. After effecting the apprehension of Wells and Terry the officers went back over the route of the chase and examined the fragments of bottles which had been thrown from the car in some of which sufficient liquor remained to be identified by the officers as whisky by the taste and smell. The witness Terry supported Wells in much testimony given by the latter. To our minds the evidence is sufficient to support the conviction. Appellant's defense was that Wells agreed to let him ride to Brownwood with him and that he went to his home to advise his wife of the trip but she not being well at the time he decided not to go. He denied positively that he sold or delivered to Wells any whisky in Zephyr as claimed by the State. We can not invade the province of the jury in the settlement of issues of fact. They heard the witnesses testify and settled that controverted issue in favor of the State. The testimony of the State's witnesses, if believed by the jury, makes out a case against appellant and we are unauthorized to disturb the verdict.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 13, 1924.

MORROW, Presiding Judge.—We are constrained to regard the evidence sufficient to discharge the burden which devolved upon the State to prove that the liquid sold was whisky.

The testimony of Terry and Wells, if believed, leaves no doubt that appellant claimed to have about one gallon of whisky and that he agreed to sell it for twenty dollars, and did, in consideration of that sum paid to him, deliver to them or to one of them three half-gallon fruit jars which contained a liquid called whisky and which, according to their testimony smelled and looked like whisky. It is clear from the evidence also that the liquid mentioned was poured into bottles, and that while appellant and the witnesses named were in an automobile containing the liquid mentioned, they were chased by officers, after being requested to stop, and during their flight there were thrown from the car a number of the bottles. These bottles, when striking objects on the ground, were broken. One of the officers engaged in the chase and who saw the bottles thrown from the car, testified that the bottles were found and examined. He said:

"I found that there was whisky in all of the bottles, from the little fragments; in other words, the necks of the bottles would be turned up with whisky in it—I tasted it and it was whisky capable of producing intoxication.

The motion is overruled.

*Overruled.*